CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
DEC 14 2007
JOHN F CORCORAN, CLERK
BY: [signature]
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE No. 5:07cr00037 |
| v. | **REPORT AND RECOMMENDATION** |
| PHILIP LOWELL LOCKHART, JR., | By: Hon. James G. Welsh |
| Defendant | U.S. Magistrate Judge |

The Grand Jury previously returned a Superseding Indictment ("Indictment") charging this defendant in Count One with knowingly combining, conspiring, confederating, and with diverse persons, both known and unknown to the Grand Jury, to knowingly and intentionally manufacture, distribute, and possess with the intent to distribute, on or about December 2006, more than fifty (50) grams of a mixture or substance containing cocaine base (commonly called "crack"), a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), all in violation of Title 21, United States Code, Section 846; in Count Four with knowingly and willfully manufacturing, distributing and possessing with intent to distribute, or the aiding and abetting of same, on or about March 13, 2007, more than five (5) grams of "crack", a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2; in Count Five with knowingly and willfully manufacturing, distributing, and possessing with intent to distribute, or aiding and abetting same, on or about March 22, 2007, more than five (5) grams of "crack", a Schedule II narcotic controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2; and in Count Seven with knowingly and willfully manufacturing, distributing and possessing with intent to distribute, on or about April 19,

2007, more than fifty (50) grams of "crack", a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A). The defendant was previously arraigned and entered a plea of Not Guilty to each of these charges. The defendant having now indicated an intent to change his plea, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of Title 28 U.S.C. § 636(b)(3).

The plea hearing was conducted before the undersigned on December 6, 2007. The defendant was at all times present in person and with his counsel, Andrea S. L. Harris, Assistant Federal Public Defender. The United States was represented by Donald R. Wolthuis, Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g).

With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented a written proffer of evidence for the purpose of establishing an independent basis for the pleas, and the defendant entered pleas of guilty to Counts One, Four, Five and Seven of the Indictment.

### A. DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and that he understood the government's right, in a prosecution for perjury or false statement, to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

2

The defendant testified that his full legal name is Philip Lowell Lockhart, Jr., that he is forty-six (46) years of age, that he completed the eleventh grade in school in Virginia, and that he understands English without difficulty and is able to participate fully in the proceeding, and that his ability to read and write is somewhat limited. He denied having any medical condition, either physical or mental, which might interfere with his ability to understand and participate fully in the proceedings, and he similarly denied using any medication or drugs which might impair his ability to understand and participate fully in the proceedings. Counsel for the defendant represented that she had no reservations about the defendant's competency to change his pleas and to enter pleas of guilty to the charged offenses.

The defendant testified that he had discussed the charges with his attorney and that he had previously received a copy of the Indictment against him. He testified that he understood each of the charges against him, and he understood that each was a felony. *See* Rule 11(b)(1)(G). He testified that he had been given adequate time to prepare any defenses he might have to the charges contained in the Indictment, that he was fully satisfied with the services of his attorney, and that it was his intention and desire to change his prior pleas and to enter pleas of guilty to each of the charges against him.

The attorney for the government informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement, and the government's understanding of the plea agreement was then stated in some detail, including the terms of the agreed sentencing guideline provisions and the defendant's agreement to be bound by the court's drug weight determination (¶ 3);

3

the defendant's agreement to plead guilty to Counts One, Four, Five and Seven of the Indictment (¶ 2); the defendants acknowledgment of the maximum and mandatory minimum sentences for the offenses set forth in Counts One, Four, Five and Seven (¶ 1); the defendant's obligation to pay a One Hundred Dollar ($100.00) special assessment per felony count for which he is convicted (¶ 6); the terms of the agreement pertaining to the defendant's offense role (¶ 4); the agreement's provision concerning the defendant's acceptance of responsibility (¶ 5); the terms of the defendant's waiver of his right to appeal his conviction and sentence and waiver of his right to a jury determination of all sentencing guideline issues (¶ 9); the terms of the defendant's waiver of his rights to attack collaterally either his conviction or any part of the sentence which might be imposed by the court (¶ 9); the terms of the defendant's waiver of any right to access investigative or prosecution records (¶ 10); the agreement's provision concerning any evidence proffer by the defendant (¶ 7); the agreement's substantial assistance provision (¶ 15); the defendant's obligation to provide a financial statement (¶ 8); the agreement's provisions concerning the abandonment of any contraband (¶ 12), the agreement's forfeiture provision (¶ 16); the terms of the defendant's statute of limitations waiver (¶ 13); and the substance of the agreements other terms (¶¶ 11, 14, and 17 through 19).

Counsel for the defendant and the defendant then separately stated that their understanding of the plea agreement was the same as that set forth by the government's attorney. Counsel for the defendant further represented that all of the terms of the plea agreement had been reviewed with the defendant and that she was satisfied that the defendant understood each of its terms. The defendant then testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter into the plea agreement or to enter pleas of guilty in this case and

4

that no one had attempted in any way to force him to plead guilty. He stated that he knew that his pleas, if accepted, would result in him being adjudged guilty of four felony offenses and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

He expressly acknowledged that he was proposing to enter a plea of guilty to Counts One, Four, Five and Seven of the Indictment which charged him which charged him with the four felony offenses set forth above and also set forth in paragraph 1 of the written plea agreement.

After the attorney for the government stated the mandatory minimum penalty provided by law for the offense charged in Count One of the Indictment and the mandatory minimum penalty provided by law for the offense charged in Count Four of the Indictment, and the mandatory minimum penalty provided by law for the offense charged in Count Five of the Indictment, and the mandatory minimum penalty provided by law for the offense charged in Count Seven of the Indictment, the defendant acknowledged unequivocally that he understood ten (10) years imprisonment to be the mandatory minimum penalty[1] which the court would be required to impose if his plea of guilty is accepted to Count One, that he understood five (5) years imprisonment to be the mandatory minimum penalty which the court would be required to impose if his plea of guilty is accepted to Count Four, that he understood five (5) years imprisonment to be the mandatory minimum penalty which the court would be required to impose if his plea of guilty is accepted to Count Five, and that he understood ten (10)

---

[1] The defendant was informed that a sentence of less than the mandatory minimum, however, was possible if the government in its discretion chose to make a motion pursuant to 18 U.S.C. § 3553(a) on his behalf, or if he qualified for the "safety valve" exception set forth in 18 U.S.C. § 3553(f).

5

years imprisonment to be the mandatory minimum penalty which the court would be required to impose if his plea of guilty is accepted to Count Seven. *See* Rule 11(b)(1)(I).

After the attorney for the government stated the maximum possible penalties provided by law for the offenses charged in Counts One, Four, Five and Seven of the Indictment, the defendant expressly acknowledged that he understood the maximum possible penalty provided by law for conviction of the felony set forth in Count One of the Indictment to be confinement in a Federal penitentiary for the remainder of his life and a $4,000,000.00 fine, that he understood the maximum possible penalty provided by law for conviction of the felony set forth in Count Four of the Indictment to be confinement in a Federal penitentiary for forty (40) years and a $2,000,000.00 fine, that he understood the maximum possible penalty provided by law for conviction of the felony set forth in Count Five of the Indictment to be confinement in a Federal penitentiary for forty (40) years and a $2,000,000.00 fine, and that he understood the maximum possible penalty provided by law for conviction of the felony set forth in Count Seven of the Indictment to be confinement in a Federal penitentiary for the remainder of his life and a $4,000,000.00 fine. *See* Rule 11(b)(1)(H).

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient

6

manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. He acknowledged that he understood that the court may order him to make full restitution to any victim and may require him to forfeit certain property to the government. *See* Rule 11(b)(1)(J)–(K). He also stated that he knew that he would be required to pay the mandatory Four Hundred Dollar ($400.00) special assessment. *See* Rule 11(b)(1)(L).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case, including the obligation of the court to consider these Guidelines and the court's discretion to depart from them under certain circumstances and in accordance with applicable court decisions. *See* Rule 11(b)(1)(M); *United States v. Booker*, 543 U.S. 220 (2005). In addition, he acknowledged that he understood the court would not be able to determine the recommended guideline sentence for his case until after the presentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer. He acknowledged that he understood, irrespective of any sentence imposed by the court, that he would have no right to withdraw his plea of guilty. He was informed and acknowledged that parole had been abolished and that he would not be released on parole.

Each of defendant's procedural rights surrendered on a plea of guilty was also explained, including: his right to persist in his previous pleas of not guilty to the offenses charged against him; his attendant right to a trial by jury and right to be represented and to have the assistance of counsel at trial and at every other stage of the proceeding; his right at trial to see, to hear, to confront and to

7

have cross-examined all adverse witnesses; his right to be protected from compelled self-incrimination; his right to testify and to present evidence in his defense; his right to the issuance of subpoenas, or compulsory process, to compel the attendance of witnesses to testify in his defense; his presumption of innocence; the obligation of the Government to prove his guilt beyond a reasonable doubt; the right on his part to decline to testify unless he voluntarily elected to do so in his own defense; and his right to have a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that he understood his right to persist in his pleas of not guilty and the attendant rights that he would waive upon entry of guilty pleas to Counts One, Four, Five and Seven. *See* Rule 11(b)(1)(F).

The defendant stated that he was pleading guilty because he was in fact guilty of each of the four crimes charged in Counts One, Four, Five and Seven of the Indictment.

In response to further questioning to ensure that his proposed plea was voluntary, the defendant again stated that (other than the promises expressly set forth in the written plea agreement) his plea did not result from any force, threats, or promises of any kind (*See* Rule 11(b)(2)), that his decision to plead guilty was in fact fully voluntary on his part, and that it was being made with the advice and assistance of counsel.

To permit the court to determine that an independent factual basis existed for the defendant's four guilty pleas, counsel for the government submitted a written statement summarizing the principal facts the government was prepared to prove at trial. After confirming that this written statement had

8

been fully reviewed with the defendant, both the defendant and his attorney agreed that it fairly summarized the government's evidence.

After consultation with his attorney, the defendant waived a reading of the Indictment and entered a plea of GUILTY to Count One alleging the defendant's violation of Title 21, United States Code, Section 846, a plea of GUILTY to Count Four alleging and the defendant's violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2; a plea of GUILTY to Count Five alleging and the defendant's violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2; and a plea of GUILTY to Count Seven alleging and the defendant's violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

After entering his pleas as aforesaid, after an independent basis for each plea was established and after being informed that the undersigned would recommend acceptance of his aforesaid plea, the defendant reiterated that his pleas of guilty were fully voluntary and that he was fully satisfied with the advice, assistance and services of his attorney.

The defendant was then remanded to the custody of the United States Marshal, pending completion of a presentence report.

**B.     GOVERNMENT'S EVIDENCE**

9

The Government submitted for filing in open court a written statement of facts. After ascertaining that the defendant was fully aware of its contents, and that he and his attorney agreed to its accuracy, it was received and filed without objection and made a part of the record. It is incorporated herein and made a part hereof by reference.

## C. FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the Rule 11 hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering informed pleas of guilty;

2. The defendant is fully aware of the nature of the charges and the consequences of his guilty pleas;

3. The defendant is fully informed, and he understands, the enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. Before entering his pleas of guilty, the defendant and the government reached a plea agreement which was reduced to writing;

5. The defendant's entry into the written plea agreement and his tender of pleas of guilty to Counts One, Four, Five and Seven were all made with the advice and assistance of counsel;

6. The defendant's entry of a plea of guilty to Count One was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

7. The defendant's entry of a plea of guilty to Count Four was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

10

8. The defendant's entry of a plea of guilty to Count Five was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

9. The defendant's entry of a plea of guilty to Count Seven was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

10. The defendant's pleas of guilty are fully voluntary and did not result from any force, threats, or promises other than those contained in the plea agreement;

11. The plea agreement complies with the requirements of Rule 11(c)(1); and

12. The evidence presents an independent basis of fact supporting each essential element of the four offenses to which the defendant is pleading guilty.

### D. RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept defendant's pleas of guilty to Count One, Count Four, Count Five and Count Seven, and that a sentencing hearing be scheduled before the presiding district judge on March 17, 2008 at 10:30 a.m.

### E. NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(C). Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of this court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge

may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The clerk is directed to transmit copy of this Report and Recommendation to all counsel of record.

DATED: this 14th day of December 2007.

s/ James G. Welsh
United States Magistrate Judge